NOT DESIGNATED FOR PUBLICATION

No. 113,696

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HUNTER D. SNYDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Brown District Court; JOHN L. WEINGART, judge. Opinion filed January 29, 2016.
Dismissed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., MCANANY, J., and JOHNSON, S.J.

*Per Curiam*:  Hunter D. Snyder appeals his sentence following his conviction of attempted indecent liberties with a child. We granted Snyder's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State did not file a response.

On July 9, 2010, Snyder pled no contest to attempted indecent liberties with a child based on his admission that he had kissed and fondled a 14-year-old girl. In August 2010, the district court sentenced Snyder to serve 24 months' probation and imposed an underlying 27-month prison sentence with 12 months of postrelease supervision. Snyder did not file a direct appeal.

1

On August 26, 2011, the district court revoked Snyder's probation and imposed the underlying prison sentence. On March 27, 2014, the Kansas Department of Corrections informed the district court that it should have imposed lifetime postrelease supervision. The district court held a hearing on the matter on February 2, 2015, during which the State asked the court to correct Snyder's sentence by imposing lifetime postrelease supervision. In response, Snyder simply cited *State v. Proctor*, 47 Kan. App. 2d 889, 280 P.3d 839 (2012), without any argument as to why his sentence constituted cruel and unusual punishment. As such, the district court did not enter any findings on this argument. The district court ultimately corrected Snyder's sentence by imposing lifetime postrelease supervision, and Snyder timely filed this appeal.

On appeal, Snyder contends that his sentence of lifetime postrelease supervision violates the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights. However, Snyder acknowledges that he did not adequately raise this issue before the district court by asking it to make the requisite findings pursuant to *State v. Freeman*, 223 Kan. 362, 574 P.2d 950 (1978). He further acknowledges that appellate courts do not review a claim of cruel and/or unusual punishment for the first time on appeal.

K.S.A. 22-3717(d)(1)(G), (d)(2)(B), and (d)(2)(K) required the district court to impose a sentence of lifetime postrelease supervision for his conviction of attempted indecent liberties with a child. Moreover—pursuant to *State v. Naputi*, 293 Kan. 55, 67-68, 260 P.3d 86 (2011)—we do not review an issue of cruel and unusual punishment when a defendant fails to sufficiently raise the issue before the district court thereby permitting it to adequately develop the record. Thus, we dismiss this appeal for Snyder's failure to preserve the issue presented for appeal.

Dismissed.